UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>    Plaintiff,<br><br>    v.<br><br>M. OLIVEIRA,<br><br>    Defendant. | Case No. 1:19-cv-00417-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

On January 10, 2020, the Court screened Plaintiff's complaint and found that it fails to state a claim on which relief can be granted. (Doc. 10.) The Court granted leave to amend (*id.*), and Plaintiff filed a first amended complaint. (Doc. 11). On February 7, 2020, the Court screened Plaintiff's first amended complaint and found that it again fails to state a cognizable claim. (Doc. 12.) The Court granted Plaintiff one final opportunity to amend. (*Id.*) Plaintiff appealed the Court's screening order. (See Doc. 13.) On March 30, 2020, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal because the screening order was not a final or appealable order. (Doc. 16.)

On April 1, 2020, the Court granted Plaintiff a second opportunity to file a second amended complaint curing the deficiencies in his pleading. (Doc. 17.) The Court cautioned Plaintiff that failure to comply with the order would result in a recommendation that this action be dismissed for failure to state a claim and to obey a court order. On April 23, Plaintiff filed a

"notice that he will not be submitting a second amended complaint and asserts … that the 1st amended complaint is colorable." (Doc. 19.)

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff states that he will not comply with the Court's order to amend his complaint. (Doc. 19.) Accordingly, the Court RECOMMENDS that this action be DISMISSED for failure to state a claim and to obey a court order. The Court DIRECTS the Clerk of the Court to assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 24, 2020**                        **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE