1

2

3

4

5

6

7

8                               UNITED STATES DISTRICT COURT

9                              EASTERN DISTRICT OF CALIFORNIA

10

11    ALLEN HAMMLER,                              No. 1:19-cv-00417-NONE-JLT (PC)

12                     Plaintiff,

                                                  ORDER ADOPTING FINDINGS AND
13           v.                                   RECOMMENDATIONS AND DISMISSING
                                                  ACTION
14    M. OLIVEIRA, et al.,
                                                  (Doc. No. 21)
15                     Defendant.

16

17           Plaintiff Allen Hammler is a state prisoner proceeding *pro se* and *in forma pauperis* in this

18    civil rights action brought pursuant to 42 U.S.C. § 1983.  This matter was referred to a United

19    States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20           On February 7, 2020, the assigned magistrate judge issued a screening order, finding that

21    plaintiff's first amended complaint (Doc. No. 11) failed to state a claim on which relief can be

22    granted.  (Doc. No. 12.)  The order provided plaintiff 21 days to file a second amended complaint

23    curing the deficiencies identified therein, and warned plaintiff that failure to comply with the

24    order would result in a recommendation "that this action be dismissed for failure to state a claim

25    and failure to obey a court order."  (*Id.* at 5-6.)  Plaintiff then challenged the screening order by

26    appeal to the Ninth Circuit Court of Appeals.  (*See* Doc. No. 13.)  The Ninth Circuit dismissed

27    plaintiff's appeal because the screening order was not a final or appealable order.  (Doc. No. 16.)

28    ///

1    On March 31, 2020, the assigned magistrate judge granted plaintiff another opportunity to

2  file a second amended complaint curing the deficiencies identified in the screening order.  (Doc.

3  No. 17.)  Plaintiff was again cautioned that failure to comply with the order would result in a

4  recommendation that this action be dismissed for failure to state a claim and to obey a court

5  order.  (*Id.* at 2.)  On April 23, 2020, plaintiff filed a "notice that he will not be submitting a

6  second amended complaint and asserts … that the 1st amended complaint is colorable."  (Doc.

7  No. 19.)  Accordingly, on April 24, 2020, the magistrate judge issued findings and

8  recommendations, recommending that this action be dismissed for failure to state a claim and to

9  obey a court order.  (Doc. No. 21.)  The findings and recommendations provided plaintiff 14 days

10  to file objections thereto.  (*Id.* at 2.)

11    Plaintiff filed timely objections to the findings and recommendations on May 13, 2020.

12  (Doc. No. 22.)  In his objections, plaintiff states that "he does not state he will not comply, but …

13  he will not be submitting amendment as he can add nothing new and relies on the first amended

14  pleading asserting it to be colorable."  (*Id.* at 1.)

15    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

16  *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's

17  objections, the court finds the findings and recommendations to be supported by the record and

18  proper analysis.  Dismissal is proper because plaintiff refuses to comply with court orders to file

19  an amended complaint addressing the deficiencies in his pleading.  *See Ferdik v. Bonzelet*, 963

20  F.2d 1258, 1260-63 (9th Cir. 1992) (affirming dismissal for plaintiff's failure to comply with

21  orders to amend complaint).  Dismissal is also proper because, as the magistrate judge correctly

22  found, plaintiff did not allege sufficient facts in his first amended complaint that, if proven, would

23  show that defendant took any adverse action against him, or that defendant's conduct would chill

24  a person of "ordinary firmness" from engaging in protected First Amendment activities, which

25  are both required to state a cognizable retaliation claim.  *See Watison v. Carter*, 668 F.3d 1108,

26  1114 (9th Cir. 2012).

27  /////

28  /////

1    Accordingly,

2       1.    The findings and recommendations issued on April 24, 2020 (Doc. No. 21) are

3             adopted in full;

4       2.    This action is dismissed for plaintiff's failure to obey court orders and failure to

5             state a claim on which relief can be granted;

6       3.    The Clerk of the Court is directed to assign a district judge to this action for

7             purposes of closure and then to close this case.

8    IT IS SO ORDERED.

9       Dated:   **June 4, 2020**                              _Dale A. Drozd_

10                                          UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28