UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. OLIVEIRA,<br><br>　　　　Defendant. | No.  1:19-cv-00417-DAD-JLT (PC)<br><br>ORDER FINDING APPEAL IS NOT FRIVOLOUS AND CONTINUING *IN FORMA PAUPERIS* STATUS<br><br>(Doc. No. 28) |

　　　　This action proceeded by way of a first amended complaint ("FAC") filed by plaintiff Allen Hammler, a state prisoner proceeding *pro se* and *in forma pauperis*, on January 23, 2020. (Doc. No. 11.) On February 7, 2020, the assigned magistrate judge screened the FAC and found that it failed to state a cognizable First Amendment retaliation claim because plaintiff did not allege any adverse action. (Doc. No. 12 at 3–5.) Rather than amend his FAC, plaintiff appealed to the Ninth Circuit Court of Appeals on March 2, 2020. (Doc. No. 13.) The Ninth Circuit dismissed plaintiff's appeal for lack of jurisdiction because the screening order was not a final or appealable order. (Doc. No. 16.) On April 1, 2020, the magistrate judge provided plaintiff another opportunity to amend his complaint (Doc. No. 17), which plaintiff declined and continued to maintain that the February 7, 2020 screening order was incorrect. (Doc. No. 19.) Therefore, on April 24, 2020, the magistrate judge issued findings and recommendations, recommending that plaintiff's FAC be dismissed for failure both to state a claim and to obey a court order. (Doc No.

1  21 at 2.)  These findings and recommendations were adopted by the undersigned on June 4, 2020,
2  and the case was dismissed.  (Doc. No. 23 at 2.)

3  Plaintiff subsequently appealed from the dismissal order on June 29, 2020.  (Doc. No. 25.)
4  On July 1, 2020, the Ninth Circuit Court referred the matter back to this court for a determination
5  as to whether *in forma pauperis* status should continue on appeal or whether the appeal was
6  frivolous or taken in bad faith.  (Doc. No. 28.)

7  "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it
8  is not taken in good faith."  28 U.S.C. § 1915(a)(3).  "The good faith requirement is satisfied if
9  the appellant seeks review of any issue that is 'not frivolous.'"  *Gardner v. Pogue*, 558 F.2d 548,
10  550–51 (9th Cir. 1977) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)); *see also*
11  *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (holding that if at least one issue or
12  claim is non-frivolous, the appeal must proceed *in forma pauperis* as a whole).  An action is
13  frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S.
14  319, 325 (1989).  In other words, the term "frivolous," as used in § 1915 and when applied to a
15  complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual
16  allegation."  *Id*.

17  The undersigned concludes that plaintiff's appeal is not frivolous.  As the screening order
18  explained (Doc. No. 12 at 3), defendant rejected an inmate grievance appeal on the ground that
19  plaintiff had submitted another such appeal within the past fourteen days, in violation of prison
20  regulations.  (Doc. No. 11 at 3.)  Plaintiff then sent defendant a letter indicating that the second
21  appeal was not subject to the fourteen-day rule because it concerned events that allegedly took
22  place at a different prison.  (*Id*.)  Plaintiff also indicated in that letter that if defendant "screened []
23  out" his inmate grievance again, plaintiff would sue defendant for violating his First Amendment
24  rights.  (*Id*.)  Defendant responded in writing by informing plaintiff that the inmate appeal had
25  been forwarded to the other prison, while also noting that "threats contained within appeal
26  documents are reason for rejection" after plaintiff threatened to sue defendant for violating his
27  First Amendment rights.  (Doc. No. 11 at 3–6.)  While the magistrate judge's screening order
28  concluded that this chain of events did not amount to an adverse action sufficient to support a

1  retaliation claim, plaintiff's position to the contrary is not completely devoid of any basis in law
2  or in fact.  Moreover, although the screening order also found that defendant's comment would
3  not chill a person of ordinary firmness from filing future grievances (Doc. No. 12 at 4), the
4  undersigned finds that plaintiff's assertion to the contrary is likewise not completely devoid of
5  any basis in law or in fact.

6  Accordingly, plaintiff's *in forma pauperis* status shall continue on appeal.  The Clerk of
7  the Court is directed to serve a copy of this order on plaintiff, as well as the Ninth Circuit Court of
8  Appeals.

IT IS SO ORDERED.

Dated:  **July 7, 2020**                              /s/ Dale A. Drozd
                                                  UNITED STATES DISTRICT JUDGE